UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:12-cr-519-T-27AEP

LUIS ALBERTO ALVAREZ-CUAN
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Alvarez-Cuan's *pro se* "Renewed Emergency Motion for Compassionate Release." (Dkt. 82). A response is unnecessary. The motion is **DENIED**.

This Court denied without prejudice Alvarez-Cuan's previous construed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), since he had not identified any extraordinary and compelling reasons to warrant release. (Dkt. 74). Alvarez-Cuan filed this renewed motion, attaching medical records and asserting that "the thorough mishandling of the health crisis at Coleman Low and, as per the CDC, Movant's documented illnesses place him at a heightened risk of catastrophic health consequences were he to contract COVID-19." (Dkt. 82 at 1; Dkt. S-85). He further asserts that Coleman Low is infested with black mold. (Dkt. 82 at 3, 4, 6). His assertions, however, fail to establish that compassionate release is warranted.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First

1

Step Act of 2018, § 603(b). In his renewed motion, Alvarez-Cuan asserts that he has exhausted his administrative remedies because 30 days have elapsed since the Warden denied his request for a reduction in sentence based on "his heightened risk of contracting COVID-19 due to his health conditions." (Dkt. 82 at 2). Alvarez-Cuan does not provide a copy of that request. Rather, he submits the Warden's denial letter, dated May 12, 2020, which explains that Alvarez-Cuan requested a reduction in sentence based on concerns about COVID-19 and that those concerns did not warrant an early release from his sentence. (Dkt. 73-1). Missing from the Warden's denial, however, is any indication that Alvarez-Cuan requested the Warden to consider his medical conditions or address any issues of black mold. Accordingly, Alvarez-Cuan has not demonstrated that he has exhausted his administrative remedies as to a request for compassionate release based on his medical conditions or black mold.[1]

Even if he did exhaust his administrative remedies, Alvarez-Cuan has not shown extraordinary and compelling reasons warranting a modification of his sentence. First, nothing in his medical records indicates that he is suffering from a terminal illness or that his medical conditions "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."[2] U.S.S.G. § 1B1.13, cmt.

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

[2] *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30,

n.1. Rather, his medical records reflect that his asserted conditions are regularly treated and controlled with medication. (Dkt. S-85 at 297-303, 307-310). Second, Alvarez-Cuan is fifty-seven years old and does not qualify under the age-based criteria, and he has presented this Court with no family circumstances to justify compassionate release. As for his contention that extraordinary and compelling reasons exist because cases of COVID-19 are increasing at Coleman Low, courts in this Circuit have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. Last, to the extent he contends that this Court has the discretion to determine whether he has presented an extraordinary and compelling reason independent to any determination by the United States Sentencing Commission or the BOP (Dkt. 82 at 6-9), courts in this Circuit have rejected this contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019).

Accordingly, in the absence of extraordinary and compelling reasons warranting compassionate release, the motion is **DENIED**.

**DONE AND ORDERED** this 1st day of September, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").