UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                         Case No: 8:12-cr-519-T-27AEP

**LUIS ALBERTO ALVAREZ-CUAN**
_____/

**ORDER**

**BEFORE THE COURT** is the United States' Motion to Authorize Payment from Alvarez-Cuan's Inmate Trust Account (Dkt. 71), Alvarez-Cuan's response in opposition (Dkt. 75), the United States' reply and memorandum (Dkts. 77, 80), and Alvarez-Cuan's reply (Dkt. 81). Upon consideration, the motion is **DENIED without prejudice**.[1]

Alvarez-Cuan pleaded guilty pursuant to a plea agreement to possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to jurisdiction of the United States. (Dkts. 35, 36). He was sentenced to 180 months imprisonment followed by 5 years of supervised release. (Dkt. 54). He was further ordered to pay a $100 assessment and a $5,000 fine, which were "due immediately." (Id. at 6). At the time the United States filed its motion, Alvarez-Cuan had paid the assessment and $575 towards the fine, reducing his fine obligation to $4,425. (Dkt. 75 at 5; Dkt. 80 at 1).

The United States asserts that under 18 U.S.C. § 3613, a lien attached to Alvarez-Cuan's

---

[1] The United States' motion was previously granted in part and the Bureau of Prisons was directed to turn over $4,450, the outstanding fine amount at the time, from Alvarez-Cuan's inmate trust account to the Clerk of the Court. (Dkt. 76). It is unclear, however, if any funds were turned over. In any event, the Clerk is directed to return any funds received pursuant to that Order to the Bureau of Prisons so that they can be redeposited into Alvarez-Cuan's inmate trust account.

inmate trust account. Specifically, it contends that the "sentence imposing [the] fine constitutes a lien in favor of the government against all of Alvarez-Cuan's property and rights to property." (Dkt. 71 at 2). The United States further contends that, because of the lien, it "had the right to obtain an order to collect the money to put towards payment of his outstanding fine." (Dkt. 77 at 4 (citing 18 U.S.C. § 3613(a))). Alvarez-Cuan objects, contending that the United States is barred from enforcing the full fine because of his participation in the Inmate Financial Responsibility Program (IFRP), and that this Court lacks authority to grant the motion because "the Government has not proceeded under the Fair Debt Collection Practices Act or complied with its requirements in this case . . . ." (Dkt. 75 at 4-5). He alternatively requests that this Court establish a payment plan for him to pay the remainder of his fine. (Id. at 5-6). In its reply, the United States contends that Alvarez-Cuan's participation in the IFRP does not affect whether it can enforce outstanding criminal fines.[2] (Dkt. 77 at 1-2).

The United States was directed to further brief these issues. (Dkt. 79). Specifically, it was directed to set forth the statutory basis on which it seeks to apply inmate trust account funds to a criminal fine. (Id.). It was further directed to provide authoritative statutes and caselaw to support its assertion that 18 U.S.C. § 3613 gives it "the right to obtain an order to collect the money to put towards payment of his outstanding fine," and moreover, was directed to explain with support how the requirements of the Federal Debt Collection Practices Act (FDCPA), 28 U.S.C. §§ 3001 *et seq.*, are satisfied. (Id.). In its response, however, the United States provides, without support, that "[t]he post-judgment remedies afforded under the Federal Debt Collection Practices Act . . . are

---

[2] Contrary to his contention, Alvarez-Cuan's participation in IFRP does not preclude the United States from collecting the full amount of the outstanding fine. *See United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017) (holding government could seek collection of inmate's debt from inmate trust account despite his participation in IFRP and adherence to IFRP payment schedule).

2

inapplicable." (Dkt. 80 at 3). The United States has failed to establish it is entitled to relief.

Pursuant to 18 U.S.C. § 3613(a), the "United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id.* § 3613(a). And as the Eleventh Circuit instructs, "[t]he Federal Debt Collection Procedures Act provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, [or] restitution in favor of the United States." *United States v. Bradley*, 644 F.3d 1213, 1309 (11th Cir. 2011) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B), 3002(8)) (internal quotation marks omitted); *see also United States v. Ruan*, 814 F. App'x 439, 442 (11th Cir. 2020). It follows, therefore, that to enforce Alvarez-Cuan's criminal judgment imposing a fine, the United States must demonstrate that it has proceeded under the FDCPA or in accordance with its requirements, or that another Federal or State law is applicable. *See United States v. Leitman*, No. 10-20883-CR, 2016 WL 11464669, at *3 (S.D. Fl. March 31, 2016).

The United States has failed to demonstrate that it is entitled to relief. Indeed, the United States points to no statute or legal precedent authorizing this Court to apply inmate trust account funds to an outstanding fine.[3] Nor does the United States offer any precedent for the application of common law offset to criminal fine obligations. *See* (Dkt. 77 at 3-4; Dkt. 80 at 3-4). Accordingly, the motion is **DENIED without prejudice**. The Clerk is directed to return any funds

---

[3] In *United States v. Baxter*, 694 F. App'x 762 (11th Cir. 2017), the Eleventh Circuit affirmed the district court's order granting the United States' motion to apply funds from the defendant's Bureau of Prisons trust account to his outstanding criminal judgment fine balance. *Id.* at 763. However, the United States in *Baxter* relied on both 18 U.S.C. § 3613(a) and 18 U.S.C. § 3664(n) to apply the defendant's funds to the remaining balance of the fine. *Id.* The Eleventh Circuit noted the importance of § 3664(n) in enforcing the criminal judgment. *Id.* Indeed, Section 3664(n) provides that "[i]f a person obligated to . . . pay a fine, received substantial resources from any source . . ., during a period of incarceration, such person shall be required to apply the value of such resources to any . . . fine still owed." 18 U.S.C. 3664(n). Here, the United States withdrew its argument under § 3664(n), *see* (Dkt. 77 at 3), and points to no other statute authorizing the relief it seeks.

received from the Bureau of Prisons based on the May 26, 2020 Order (Dkt. 72) to the Bureau of Prisons so that those funds may be deposited into Alvarez-Cuan's inmate trust account.

**DONE AND ORDERED** this 23rd day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record