UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:12-cr-519-T-27AEP

LUIS ALBERTO ALVAREZ-CUAN
_____/

### ORDER

**BEFORE THE COURT** is the United States' Motion for Reconsideration to Authorize Payment from Alvarez-Cuan's Inmate Trust Account (Dkt. 90). No response is necessary. The motion is **DENIED**.

Reconsideration is justified only by (1) an intervening change in controlling law, (2) new evidence, and/or (3) clear error or manifest injustice. *Del. Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire-Ft. Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009)); *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014). The movant must present valid reasons for why this Court should reconsider its prior decision, setting forth "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). And "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Del. Valley Floral Group, Inc.*, 597 F.3d at 1384. Nor is reconsideration appropriate when the proponent merely reargues matters already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

The Government seeks reconsideration of the order denying its motion requesting "that this Court authorize a turnover of Defendant's inmate trust account to pay his outstanding [criminal fine] balance." (Dkt. 90 at 2). Its request for reconsideration, however, is without merit. First, the Government largely repeats the arguments in its previous motion, and it does not present sufficient grounds justifying reconsideration. Indeed, the arguments now raised were previously withdrawn by the Government or have been rejected. *See* (Dkt. 89). Second, to the extent the Government now seeks to enforce the criminal judgment under 18 U.S.C. § 3664(n), as noted in the order denying the prior motion, "the United States withdrew its argument under § 3664(n) . . . ."[1] (Dkt. 89 at 3 n.3). Accordingly, a motion for reconsideration is not the proper avenue to resurrect a previously withdrawn argument. *See United States v. Morgan*, 796 F. App'x 570, 572 (11th Cir. 2019) (noting that motions for reconsideration may not be used to "include[] new argument that were previously available, but not pressed") (citation omitted). Moreover, the Government fails to explain its change in position as to the application of § 3664(n), or how the argument may now be raised in a motion for reconsideration.

Accordingly, the Government's motion for reconsideration (Dkt. 90) is **DENIED**.

**DONE AND ORDERED** this 18th day of December, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

[1] Indeed, in its reply to Defendant's response, the Government asserted that, "In light of *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019), the government withdraws its argument under 18 U.S.C. § 3664(n) as one of its basis for turning over Alvarez-Cuan's inmate account." (Dkt. 77 at 3).